NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC, a Delaware Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>ALEX HOSPITALITY, LLC, a Minnesota Limited Liability Company; PRAVIN PATEL, an individual; and KAUSIK PATEL, an individual,<br><br>       Defendants. | **MEMORANDUM AND ORDER**<br><br>Civ. No. 13-3273 (WHW)(CLW) |

  This matter comes before the Court on the motion of Plaintiff Days Inn Worldwide, Inc. (DIW) for default judgment against Defendants Alex Hospitality, LLC ("Alex Hospitality") and Kausik Patel. ECF No. 13. DIW filed this action on May 23, 2013, alleging that Alex Hospitality breached a license agreement with DIW and seeking $145,728.63 in recurring fees owed under the license agreement. ECF No. 1. Both Pravin Patel and Kausik Patel served as guarantors of the agreement. *See* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default as to Alex Hospitality, LLC and Kausik Patel Only ("Fenimore Aff.") Ex. B., ECF No. 13-3. DIW reached a settlement with Pravin Patel, and the Court entered a stipulation of dismissal as to Pravin Patel on April 2, 2014, retaining jurisdiction over the enforcement of the settlement. ECF No. 12. DIW filed a motion for default judgment against Alex Hospitality and Kausik Patel on November 7, 2014, alleging that damages stemming from the breach of the agreement include unpaid recurring fees in the amount of $140,473.22, along with attorney's fees and court costs in the amounts of $7,800 and $1,073.24, respectively. *See* ECF No. 13, Fenimore Aff. ¶¶ 17-19; ECF

No. 13-3, Ex. E. DIW noted that the amount it seeks has been reduced by the settlement amount received from Pravin Patel and submitted an itemized statement detailing the recurring fees. ECF No. 13, Fenimore Aff. ¶ 17 n. 1; ECF No. 13-3, Ex. D. The itemized statement contains no reference to Pravin Patel's settlement contribution or any other reduction in fees owed. The Court ordered DIW to present the terms of the settlement agreement with Pravin Patel in order to calculate the damages still owed to DIW under the license agreement on March 18, 2015. ECF No. 14. The Court again instructed DIW to provide the Court with the terms of the settlement agreement on August 5, 2015. ECF No. 17.

On August 20, 2015, DIW submitted a letter to the Court under seal attaching the settlement agreement with Pravin Patel and informing the Court that the damages sought in DIW motion for default judgment reflect a contribution of $25,000 by Pravin Patel under the settlement agreement. ECF No. 18.

When ruling on a motion for default judgment, if the damages are not for a "sum certain or for a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), the "court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). In calculating damages for breach of contract, a court may reduce the outstanding obligation of a defendant by an amount paid to the plaintiff by another settling defendant. *See Gen. Elec. Capital Corp. v. Clifton Radiology Associates, LLC*, No. CIVA 05-CV-4867 PGS, 2007 WL 1791267, at *5 (D.N.J. June 19, 2007).

Because Pravin Patel and Kausik Patel were co-guarantors of the license agreement, any amount paid by Pravin Patel would reduce the amount allegedly owed to DIW by Kausik Patel. Though DIW has informed the Court that the amount in recurring fees it seeks has been reduced

2

NOT FOR PUBLICATION

by Pravin Patel's settlement contribution, the itemized statement submitted with the motion for default judgment does not make this reduction clear. ECF No. 13-3, Ex. D.

The Court cannot determine the amount still allegedly owed to DIW under the license agreement without a more detailed damages calculation that explicitly reflects Pravin Patel's settlement contribution.

### ORDER

Under Fed. R. Civ. P. 55(b)(2), it is hereby ORDERED that Plaintiff present to the Court an itemized statement of damages still owed to DIW under the license agreement that reflects any amount already paid by Pravin Patel under the settlement agreement.

It is further ORDERED that if the terms of the settlement agreement are confidential, DIW will submit the agreement under seal.

DATE: 25 August 2015

William H. Walls
Senior United States District Court Judge

3