NOT FOR PUBLICATION                                                                      CLOSE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC, a Delaware Corporation,<br><br>      Plaintiff,<br><br>     v.<br><br>ALEX HOSPITALITY, LLC, a Minnesota Limited Liability Company; PRAVIN PATEL, an individual; and KAUSIK PATEL, an individual,<br><br>      Defendants. | **OPINION**<br><br>Civ. No. 13-3273 (WHW)(CLW) |

**Walls, Senior District Judge**

  Plaintiff Days Inns Worldwide, Inc. ("DIW") moves under Fed. R. Civ. P. 55 for default judgment against Defendants Alex Hospitality Hotel, LLC ("Alex Hospitality") and Kausik Patel (together, "Defendants"). DIW filed this action on May 23, 2013, alleging that Alex Hospitality breached a license agreement with DIW. DIW further alleges that Kausik Patel and Pravin Patel served as guarantors of Alex Hospitality's performance under the agreement, that Alex Hospitality breached the agreement, and that Defendants owe DIW unpaid fees. DIW released Pravin Patel from the action after settlement. Defendants have failed to plead or otherwise defend the lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

  Plaintiff DIW is a corporation organized and existing under the laws of Delaware, with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant Alex Hospitality is a limited liability company organized and existing under the laws of

Minnesota, with its principal place of business at 12255 Warm Springs Road, Ellerslie, Georgia. *Id.* ¶ 2. Defendant Kausik Patel is a member of Alex Hospitality and a citizen of the state of Georgia, with an address at 608 Cobblestone Boulevard, Stockbridge, Georgia. *Id.* ¶ 4. Pravin Patel is also a member of Alex Hospitality and a Georgia citizen, residing at 12255 Warm Springs Road, Ellerslie, Georgia. *Id.* ¶ 3.

On September 2, 2004, DIW entered into a license agreement with Alex Hospitality for the operation of a 61-room Days Inn® guest lodging facility located at 4810 Highway 29 South, Alexandria, Minnesota, Site No. 06742-82450-4 (the "facility"). *See* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default as to Alex Hospitality, LLC and Kausik Patel Only ("Fenimore Aff.") Ex. A. ECF No. 13-3. DIW licensed the "distinctive 'Days Inn' System for providing transient guest lodging services" to Alex Hospitality. *Id.* Ex. A § 1. Alex Hospitality assumed multiple obligations under the license agreement. Under section 5 of the license agreement, Alex Hospitality was obligated to operate a Days Inn® guest lodging facility for a fifteen-year term. *See id.* Ex. A § 5. Under section 7 and Schedule C of the license agreement, Alex Hospitality was required to make certain periodic payments to DIW for royalties, system assessment fees, taxes, interest, reservation system user fees, and other fees (collectively, the "Recurring Fees"). *See id.* Ex. A § 7, Schedule C. Alex Hospitality also agreed, under section 7.3 of the license agreement, that interest was payable "on any past due amount payable to [DIW] under this [License] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." *Id.* Ex. A § 7.3.

Under section 3.8, Alex Hospitality was required to disclose to DIW, among other things, the amount of gross room revenue earned by Alex Hospitality at the facility in the preceding

2

month for purposes of establishing the amount of royalties and other Recurring Fees due to DIW. *Id.* Ex. A § 3.8. Also under that section, Alex Hospitality agreed to maintain at the facility accurate financial information relating to the gross room revenue of the facility, including books, records, and accounts. *Id.* Alex Hospitality agreed to allow DIW to examine, audit, and make copies of the entries in these books, records and accounts. *Id.* Ex. A § 4.8.

Section 11.2 of the license agreement provided that DIW could terminate the license agreement, with notice to Alex Hospitality, if Alex Hospitality (a) discontinued operating the facility as a Days Inn® guest lodging establishment, and/or (b) lost possession or the right to possession of the facility. *Id.* Ex. A § 11.2. Alex Hospitality also agreed, under section 17.4 of the license agreement, that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement." *Id.* Ex. A § 17.4.

Effective as of the date of the license agreement, Kausik Patel and Pravin Patel provided DIW with a guaranty of Alex Hospitality's obligations under the license agreement. *See id.* Ex. B. Under the terms of the guaranty, Kausik Patel and Pravin Patel agreed, among other things, that upon a default under the license agreement, they would "immediately make each payment and perform or cause [Alex Hospitality] to perform, each unpaid or unperformed obligation of [Alex Hospitality] under the [License] Agreement." *Id.* Kausik Patel and Pravin Patel also agreed, under the terms of the guaranty, to pay the costs, including reasonable attorneys' fees, incurred by DIW in enforcing its rights or remedies under the guaranty or the license agreement. *Id.*

On or around May 27, 2010, Alex Hospitality lost possession of the facility to a third party. Fenimore Aff. ¶ 14. Before losing possession of the facility, Alex Hospitality failed to pay

outstanding recurring fees due DIW under the license agreement. *Id.* ¶ 15. Since losing possession of the facility, neither Alex Hospitality, Pravin Patel nor Kausik Patel has paid the outstanding recurring fees due DIW under the license agreement. Because Defendants never paid those amounts, DIW filed the complaint in this matter on May 23, 2013. ECF No. 1; Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default as to Alex Hospitality, LLC and Kausik Patel Only ("Couch Cert.") ¶ 3. DIW and Pravin Patel reached a settlement, and the Court entered a stipulation of dismissal as to Pravin Patel on April 2, 2014. ECF No. 12.

On June 3, 2013, DIW forwarded the summons and complaint to Recon Management Group to effectuate personal service upon Defendants. Couch Cert. ¶ 4. The summons and complaint were served upon Alex Hospitality on June 10, 2013. *Id.* ¶ 5; ECF No. 7. Despite diligent effort and inquiry, Recon Management Group has been unable to locate Kausik Patel. Couch Cert. ¶ 6. By letter dated August 19, 2013, DIW served Kausik Patel with a copy of the summons and complaint via certified and regular mail under New Jersey Court Rule 4:4-4(b)(1)(C). *Id.* ¶ 7. The time in which Defendants had to answer or otherwise respond to the complaint expired, and Defendants have not answered or otherwise moved. *Id.* ¶ 8. The Clerk of the Court entered default against Defendants on November 8, 2013 for their failure to plead or otherwise defend this action. *Id.* ¶ 9. By letter dated November 8, 2013, DIW served a copy of the default upon Defendants. *Id.* Ex. C. DIW performed a search for Kausik Patel in the data banks of the Department of Defense Manpower Data Center to determine whether Mr. Patel was currently in the military service of the United States or its allied nations, and returned no records as of November 7, 2014. *Id.* ¶ 16. Couch Cert. Ex. E.

DIW moved for default judgment against Alex Hospitality and Kausik Patel on November 7, 2014. ECF No. 13. DIW seeks recurring fees in the amount of $140,473.22 inclusive of interest

(calculated at the rate of 1.5% per month under section 7.3 of the license agreement) against Alex Hospitality and Kausik Patel. *See* Fenimore Aff. Ex. D. DIW also seeks attorneys' fees and costs in the amounts of $7,800 and $1,073.24, respectively. *See* Fenimore Aff. ¶ 18; Couch Decl. Ex. D (specifying the legal work performed and the expenses incurred).

The itemized statement initially submitted by DIW with the motion for default judgment contains no reference to Pravin Patel's settlement contribution or any other reduction in fees owed. The Court ordered DIW to present the terms of the settlement agreement with Pravin Patel in order to calculate the damages still owed to DIW under the license agreement on March 18, 2015. ECF No. 14. The Court again instructed DIW to provide the Court the terms of the settlement agreement on August 5, 2015. ECF No. 17. On August 20, 2015, DIW submitted a letter to the Court under seal attaching the settlement agreement with Pravin Patel and informing the Court that the damages sought in DIW's motion for default judgment reflect the contribution of a specific, confidential amount by Pravin Patel under the settlement agreement. ECF No. 18. The Court found that the itemized statement submitted with the motion for default judgment did not make this reduction clear and ordered DIW to present an itemized statement of damages still owed to DIW under the license agreement that reflects the amount paid by Pravin Patel under the settlement agreement. ECF No. 19.

On March 10, 2016, DIW submitted another letter to the Court attaching a cash application report itemizing each charge that was paid by the Pravin Patel settlement amount for *in camera* review. ECF No. 20. The letter also explains that the itemized statement of recurring fees submitted with the motion for default judgment, ECF No. 13 Ex. D, specifically excludes the charges paid by the Pravin Patel settlement amount. ECF No. 20 at 1.

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Default Judgment is Appropriate

This action is based on the Defendants' breach of contract. The elements of such a claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, the parties entered into the license

agreement and guaranty for the operation of a lodging facility. Defendants breached those contracts by relinquishing control of the facility to a third party and not paying the recurring fees they owed DIW as a result. Damages flowed therefrom because DIW performed services without being compensated for them. DIW performed its own contractual obligations under the license agreement because it performed the services promised. *See* Fenimore Aff. Ex. D (itemizing the services DIW performed, for which it charged Alex Hospitality the recurring fees). DIW has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Under the *Chamberlain* factors, default judgment is appropriate. DIW will suffer prejudice if default is denied because it has already waited almost five years since the breach of the license agreement to be paid the recurring fees, attorney's fees and court costs to which it is entitled. Defendants have not presented any facts or arguments to suggest they have a litigable defense for their breaches of contract. It is not clear if Defendants' failure to litigate is the result of willful or bad faith conduct, though they have failed to retain counsel in the nearly two-year period since the filing of the complaint. Having considered these three factors, the Court finds that default judgment is appropriate.

## II. The Amount of Damages Is Satisfactorily Established

DIW seeks damages that include the Recurring Fees ($140,473.22 including interest calculated at 1.5% per month under section 7.3 of the license agreement), attorneys' fees ($7,800.00 under section 17.4 of the Franchise Agreement), and costs ($1,073.24, also under section 17.4 of the license agreement). The Court has reviewed DIW's submissions and finds that these amounts accurately represent the amount Defendants owe DIW under the license agreement and guaranty, minus the Pravin Patel settlement amount. *See* Fenimore Aff. ¶¶ 17-19; *id.* Ex. D

(Itemized Statement of Recurring Fees); *id.* Ex. E (Itemized Breakdown of Amounts Owed); Couch Cert., Ex. D (Attorney Billing Records); ECF No. 20 (explanation and cash application report, reviewed *in camera*, itemizing Pravin Patel settlement contribution).

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants Alex Hospitality LLC and Kausik Patel in the amount of $149,346.46. An appropriate order follows.

DATE: 22 March 2016

William H. Walls
Senior United States District Court Judge